KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
E-mail: kkaiser@agutah.gov
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILLIAM SHERRATT,<br><br>    Plaintiff,<br><br>v.<br><br>UTAH DEPARTMENT OF CORRECTIONS, ET AL,<br><br>    Defendants. | **MOTION FOR SCREENING, OR, IN THE ALTERNATIVE, TO DISMISS OR FOR A MORE DEFINITE STATEMENT**<br><br>Case No. 2:24-cv-00919<br><br>Judge Robert J. Shelby<br>Magistrate Judge Jared C. Bennett |

## **MOTION**

Defendant Department of Corrections, Shane Nelson, Robert Powell, James Allred, Wade Gee, Gene Brake, Joey Anderson, Kyle Hunt, Steven Walser, Devin Blood, MaryAnn Reding, Lucy Ramirez, Robert Bond, John Capell, John Irons, Robert Painter, Steve Gehrke, James Hudspeth, Lance Maki, Mike Haddon, Shane

Wood, Alfred Bigelow (sued as Alford Bigelow), Doyle Cutler (sued as D. Cutler), Shaun Darbo (sued as FNU Darbo), Jim Kunz, Utah Attorney General's Office, Dallen Lofgreen (sued as D. Lofgren), Shaun Youd (sued as FNU Loud), ("Corrections Defendants")[1] move, under Federal Rule of Civil Procedure 8, 12(b)(6), and 42 U.S.C. § 1997e(c), to dismiss Plaintiff William Sherratt's Third Amended Civil Rights Complaint (doc. 1-63), or, in the alternative, for screening under the Prison Litigation Reform Act.

## MEMORANDUM OF LAW

### INTRODUCTION

This case began in 2019, when Plaintiff William Sherratt, who was in the custody of the Utah Department of Corrections, filed a Complaint and application for preliminary injunction against the Department and and numerous individuals.

---

[1] Plaintiff attempted to serve all defendants through the Utah Attorney General's Office. (*See* Return of Service (doc. 68 in state court, attached hereto as Exhibit B.)  Service on the Utah Attorney General's Office is improper for all defendants except "the state of Utah or its department or agency" if services is also made on "any other person or agency required by statute to be served." Utah R. Civ. P. 4(d)(1)(J); *accord* Fed. R. Civ. P. 4(j)(2) (permitting the service of a "state or local government" by delivering a copy to the state or agency's "chief executive officer" or as proved by state law).  Though service was improperly made on the Corrections Defendants, they do not challenge the effectiveness of service.  However, counsel for the Corrections Defendants have not been able to contact Defendant K.C., Defendant Billie Casper, or Defendant Captain Coulter, all of whom either cannot be identified by the facts in the various complaints, or who no longer work for the Department of Corrections and who have not kept their contact information current with the Department.  As far as Counsel for the Corrections Defendants have been made aware, there has been no attempt to serve Defendant Victim Services Coordinator, the Utah State Legislature, or former Governor Herbert.

*See* doc. 1-2; *see also* Docket, *Sherratt v. Utah Dep't of Corrs*. Case No. 190909453 (filed Dec. 3, 2019), attached hereto as Exhibit A. After five years, multiple denied motions, and multiple iterations of claims, Mr. Sherratt filed a Third Amended Civil Rights Complaint, which appears to be the active complaint in the case. *See* 3d Am. Civli Rights Compl. (doc. 1-63) and attached as Exhibit C.[2] The Complaint is 33 pages long, names 34 defendants, and references more than 130 pages of separate exhibits and addenda. *See, e.g.*, *id.* at 4, 7, 12, 25, 29, 32; *see also* docs. 1-14, 1-15, 1-16, 1-17, 1-19. Mr. Sherratt, who had now been released from custody but was on parole, filed a motion to "screen the peition" and order service. (Doc. 1-66). Instead the state court judge "decline[d] to rule on any pending motion" and instead "direct[ed] Plaintiff to serve Defenadnts pursuant to Rule 4." (Doc. 1-67). Though his Complaint names no entities except the Utah State Legislature, Mr. Sherratt improperly[3] served the Utah Attorney General's Office, which promptly removed the case to this Court.

The Court should dismiss the claim for both failing to state a "short and plain" statement of relief as required by Rule 8 of the Federal Rules of Civil Procedure, and for failing to properly state a plausible claim of relief against the score and a half of defendants named.

---

[2] For the Court's Convenience, the Third Amended Complaint will be attached as Exhibit C.

[3] *See* note 1, *supra*.

Alternatively, because Mr. Sherratt was a "prisoner" as defined by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(h) at the time the original complaint was filed, this action is subject to its provisions. The Court should refer the complaint for screening, ensuring that Sherratt's complaint meets the proper pleading standards, and only the claims that it believes "plaintiff has a reasonable opportunity to prevail on the merits" to move forward. 42 U.S.C. § 1997e(g)(2).

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Plaintiff William Sherratt was, at all times relevant to his Third Amended Complaint, a prisoner in the custody of the Utah Department of Corrections. 3d Am. compl. (Doc. 1-63, Ex. C., at 1 ¶ II.)

2. In November-December of 2019, Mr. Sherratt filed, in Utah Third District Court, a handwritten civil rights complaint and application for issuance of a preliminary injunction, apparently related to prison mail issues he was experiencing. (Doc. 1-2.) After the Court granted an order permitting the case to go forward without prepayment of the filing fee (Doc. 1-7), Mr. Sherratt then amended his complaint and added more than 220 pages additional affidavits, exhibits and addenda. (Docs 1-12, 1-13, 1-14, 1-15, 1-16, 1-18.)

3. In May 2020, The state court struck all of Sherratt's filing because they were "illegible" and voluminous, noting that the Court was unable to "[piece] Petitioner's filings together into a coherent narrative." (Doc. 1-21.)

4. Throughout the next eleven months, Sherratt filed additional motions and pleadings, but still had not filed a compliant complaint. In April 2021, the Court granted him an additional 45 days to "file an emanded complaint that contains, in clear and legible writing, a short and plain statement of Petitioner's claims." (Doc. 1-35.)

5. He finally filed a second amended complaint in January 2022 (Doc. 1-55). But the Court, in denying other miscellaneous motions filed by Sherratt, concluded that he had "yet to fully comply" with the May 2020 order. (Doc. 1-53.) After the state court sent a notice of intent to dismiss the case for failure to prosecute, Sherratt responded, noting that he was now on parole, that there had been mix-ups with pleadings and delays because of the pandemic, and that Sherratt's most recent iteration of his complaint was "mishandled" and "unrecoverable," requiring him to rewrite it. (Doc. 1-57.) The court agreed that good cause and excusable neglect existed and permitted Sherratt to amend, and Sherratt filed his Third Amended Civil Rights Complaint in November 2023. (Doc. 1-63, Ex. C.)

6. Mr. Sherratt then filed a motion to "screen the peition" and order service. Mot. for Judge to Screen Pet. (Doc. 1-66.) Rather than "screening" the case and serving it on any defendants, the state court judge "decline[d] to rule on any pending motion" and instead "direct[ed] Plaintiff to serve Defenadnts pursuant to Rule 4." (Doc. 1-67.) Sherratt served the Utah Attorney General's Office, which promptly removed the case to this Court. (Doc. 1)

7. Based on the activity in state court, it appears that the Third Amended Complaint (doc. 1-63, Ex. C) is the active complaint in this case. That complaint names 34 different defendants (*id.* at 1–3), is 33 pages long, and references at least 130 pages of exhibits. It appears to assert five categories of complaints: one related to outgoing mail and property (*id.* at 4–12); one related to "in-house mail violations" that also relate to records related to records requests filed under the Utah Government Records Access and Management Act (*id.* at 12–22); one related to the processing of health care requests and some allegations related to dental treatment (*id.* at 22–24); one related to security of visitors during inmate visitatation (*id.* at 25–30); and one related to a disciplinary write-up somehow related to mail policy (*id.* at 30–32).

8. Some of the categories include citations to constitutional rights; others simply include a laundry list of constitutional provisions. (*See id.* at 32 ("all

acts in this suit are the reesult of plaintiff exercising his rights, and of the rights guaranteed by the first, fifth, eighth, ninth, and fourteenth amendments….").) While the defendants' names are mentioned throughout the pleading, none of the categories specifically identifies which acts Mr. Sherratt identifies as violative of constitutional rights, or which acts are merely facts related to the claim. (*See id.* at 11 ("These acts each deny or delay unreasonably by policy outgoing mail rights.").)

9. Pleas for relief are made generally (*id.* at 12 ("Plaintiff requests $10,000 per instance, and $1,000 per defendant personally acting or conspiring with each doing their part…"), or are made against entities that have not been sued (*id.* at 24–25 (requesting that "UDC be required to pay $25,000 for their negligencee and incompetence"). Some defendants are mentioned in the caption only, with no further allegations in the Complaint. (*Id.* at 3 dd. ff. & gg. (naming Steve Gehrke, the Utah State Legislature, and Governor Gary Herbert.)

## LEGAL STANDARD

The Corrections Defendants bring move to dismiss the Third Amended Complaint under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Rule 8 requires that a complaint contain " a short and plain statement of the claim showing that the pleader is entitled to relief …" along with statements of

jurisdiction and a demand for relief. Fed. R. Civ. P. 8(a). In reviewing a 12(b)(6) motion, a court assumes the truth of well-pleaded facts and draws reasonable inference in a light most favorable to the plaintiff. *E.g.*, *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011). But a claim survives only if "there is plausibility in the complaint." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Threadbare recitals of elements, facts "merely consistent" with liability, "labels and conclusions," or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient. *Iqbal*, 556 U.S. at 678; *Leverington*, 643 F.3d at 723 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Gee v. Pacheco*, 627 F.3d 1178, 1184–85 (10th Cir. 2010) (citations and quotations omitted); *Hall*, 584 F.3d at 863 (citations and quotations omitted).

## LEGAL ARGUMENT

1. **The Court should dismiss the Complaint for failure to comply with Rule 8**

First, the Court should dismiss the Complaint under Rule 12(b)(6) because it fails to comply with Rule 8's requirement that it contain a "short and plain" statement of relief.

To comply with the rule, Mr. Sherratt's complaint "must explain what each defendant did" to him; "when the defeendant did it; how the defendant's action harmed" him; "and, what specific legal right the plaintiff believes the defendant violated …." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  It should be "simple, concise, and direct" such that it prevents the court from having to "sort through a lengthy complaint to construct the plaintiff's case" or to navigate "labyrinthe prose, … wonder[ing] how the allegations actually provide facts sufficient to state a claim against the mountain of Defendants." *Biers v. Dentons US LLP*, No. 222CV00298HCNJCB, 2023 WL 7537680, at *3 (D. Utah Aug. 18, 2023), *report and recommendation adopted* (Sept. 27, 2023), *appeal dismissed,* No. 23-4147, 2024 WL 2115474 (10th Cir. Jan. 4, 2024), *reh'g denied,* No. 23-4147, 2024 WL 2115475 (10th Cir. Feb. 22,

2024), and *appeal dismissed sub nom. Biers v. Berg-Grove*, No. 23-4150, 2024 WL 2115482 (10th Cir. Feb. 5, 2024) (citations and quotations omitted).

Mr. Sherratt's Third Amended Complaint does not comply with Rule 8. It names nearly three dozen defendants over nearly as many pages. While it appears that some defendant may be accused of an act that Mr. Sherratt believes forms the basis of a constitutional claim, it is impossible to tell which actions Mr. Sherratt believes are unconstitutional, and which actions merely provide background. The Third Amended Complaint names at least three defendants without providing any factual allegations against them whatsoever. And it refers to hundreds of pages of affidavits, exhibits, and addenda, which only makes the complaint less discernable. The Court and the Corrections Defendants should not be required to travel the maze any further. The Complaint should be dismissed.

**2. The Court should screen the Complaint under the PLRA.**

In the alternative to dismissal (or, in addition to dismissal, if the Court grants Sherratt leave to amend), the Court should screen the Third Amended Complaint under the standards articulated under the Prison Litigation Reform Act, and only allow any claims in which Sherratt states a legal claim, or has a "reasonable opportunity to prevail on the merits" to proceed.

Congress enacted the Prison Litigation Reform Act, 42 U.S.C. § 1997e, "to reduce the quanitity and improve the quality of prisoner suits; …." *Porter v. Nussle*, 534 U.S. 516, 525 (2002). It "contains a variety of provisions designed to bring this litigation under control," including a provision "requiring district courts to weed out prisoner claims that clearly lack merit …." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). It applies to claims brought by a "prisoner," that is, "any person incarcerated or detained in any facility who is … sentenced for … violations of criminal law or the terms and conditions of parole…." 42 U.S.C. § 1997e(h) that are "brought with respect to" "prison conditions …." *Id.* § 1997e(a), (c). In other words, the PLRA governs "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessivve force or some other wrong." *Porter*, 534 U.S. at 532.

"[I]t is the plaintiff's status at the time he files suit that determines" whether the PLRA applies. *Norton v. City of Marietta, Okla.*, 432 F.3d 1145, 1150 (10th Cir. 2005). Therefore, if an individual files suit about his prison conditions after he was released, he does not need to comply with the PLRA's exhaustion requirements. *Id.* But if an inmate is confined when the initial complaint is filed, then the PLRA applies to the claim, even if the inmate is subsequently released.

*May v. Segovia*, 929 F.3d 1223, 1232 (10th Cir. 2019). *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 4498943, at *2 (D. Kan. Sept. 29, 2008) (unpublished).[4]

Likewise, the PLRA applies even to cases that are removed to federal court on federal question jurisdiction. the fact that Mr. Sherratt filed his claim in state court, and the Corrections Defendants removed it, does not exclude it from the PLRA's purview. *Jennings v. Dowling*, 642 F. App'x 908, 913 (10th Cir. Mar. 11, 2016) (unpublished).

In this case, the PLRA applies to Mr. Sherratt's Third Amended Complaint. It is a "lawsuit about prison life." *Porter*, 534 U.S. at 532. Mr. Sherratt was a "prisoner" when the claims (articulated at least as early as the Amended Complaint) were asserted. *May*, 929 F.3d at 1232. And the fact that Mr. Sherratt filed his claim in state court, and the Corrections Defendants removed it, does not exclude it from the PLRA's purview. *Jennings*, 642 F. App'x at 913.

---

[4] There is some law to suggest that, if *new claims* are added to a complaint by an incarcerated person after their release, then the PLRA's exhaustion requirement may not apply to those claims. *See Martinez v. Guadalupe Cnty.*, 200 F. Supp. 3d 1216, 1259-60 (D.N.M. 2016). Even though it is slightly difficult to discern, it appears that all of the defendants had been sue for the exact or similar claims by Sherratt no later than his Amended Complaint (doc. 1-11). Therefore, the fact that he was released when the Third Amended Complaint was filed should not except it from the PLRA's purview. *May v. Segovia* , 929 F.3d 1223 (10th Cir. 2019) (recognizing that the PLRA applied when a "prisoner brought his [constitutional] claim, irrespective of which complaint first introduced the claim."); *Cf. Martinez*, 200 F. Supp. 3d at 1259 (recognizing that the PLRA didn't apply to constitutional claims made by a released inmate because they were raised for "the first time" in the amended complaint).

Among other things, the PLRA permits the Court, "on its own motion" to dismiss claims if it "is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is imune …." 42 U.S.C. § 1997e(c)(1). A defendant subject to suit in an action covered by the PLRA may waive a reply to the action and need not respond unless the court determines that the "plaintiff has a reasonable opportunity to prevail on the merits." *Id.* § 1997e(g)(2). These are the provisions "requiring district courts to weed out prisoner claims that clearly lack merit …." *Woodford*, 548 U.S. at 84 (2006).

The Court should engage in screening in this case. As discussed above, Mr. Sherratt's Third Amended Complaint is prolix, confusing, and noncompliant with Rule 8. Requiring all 34 defendants to provide a substantive response would be a waste of government officials' resources and would lead to unnecessary later review by the Court. Without taking a deep dive into the Complaint, it is clear that at least some claims fail to state a claim (as no facts were asserted against Steve Gehrke, the Legislature or the Governor) and seek damages from individuals (in their official capacity) that are immune. (*See* doc. 1-63 at 4 (naming defendants "in their individual and official capacites")). The PLRA requires the Court to review the complaint and demand Mr. Sherratt abide by the

Rule 8 and 12 pleading standards to state cognizable claims. It should do so in this case before the Corrections Defendants become involved in the ligiation.

RESPECTFULLY SUBMITTED THIS 24t day of February , 2025.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/
KYLE J. KAISER
Assistant Utah Attorney General
*Attorney for Defendant*

**CERTIFICATE OF MAILING**

I certify that on this 24th day of Febuaryu, 2025, I electronically filed the foregoing motion using the Court's electronic filing system. I also certify that a true and correct copy of the foregoing has been emailed, and will be placed in outgoing, United States mail, postage prepaid, to the following, on the next available mail date:

William Sherratt
pro Se
2719 S River Road
St. George, UT 84790
williamsherratt4@gmail.com


*/s/ Kyle J. Kaiser*