THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM SHERRATT, <br><br> Petitioner, <br><br> v. <br><br> UTAH DEPARTMENT OF CORRECTIONS, ET AL., <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:24-cv-00919-RJS <br><br> Chief District Judge Robert J. Shelby |

Now before the court is Defendants' Motion for Screening, or, in the Alternative, to Dismiss or for a More Definite Statement.[1] For the reasons explained below, the Motion is granted in part. Additionally, having screened Plaintiff William Sherratt's Third Amended Civil Rights Complaint[2] under its statutory review function,[3] the court orders Sherratt to file an amended complaint curing the deficiencies identified below before further pursuing claims.

## BACKGROUND

In May 2000, Sherratt was sentenced to the Utah State Prison for an indeterminate term of five years to life.[4] After serving over 22 years, Sherratt was released under supervision on October 25, 2022.[5] This case centers on Sherratt's grievances while incarcerated.

---

[1] Dkt. 13, *Motion for Screening, or, in the Alternative, to Dismiss or for a More Definite Statement* (*Motion*).

[2] Dkt. 1-63, *Third Amended Civil Rights Complaint* (*Third Amended Complaint*).

[3] "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (2023).

[4] *See Docket*, State of Utah v. William Henry Sherratt, No. 991500552 (Fifth Judicial District Jun. 1, 1999).

[5] *Third Amended Complaint* at 1.

On December 3, 2019, Sherratt filed in the Third District Court for the State of Utah a Motion for a Preliminary Injunction and an *Ex Parte* Temporary Restraining Order against the Utah Department of Corrections, Michael Haddon, Shane Nelson, Robert Powell, Warden Cuff, "Warden U.S.P.T.," "mailroom staff," and John Does 1-20.[6] Sherratt sought to sue these defendants in their official and individual capacities for violations of his civil rights and for conspiring to deny rights "pursuant to U.R.C.P. 17(d)"[7] for alleged violations of mail, health care request, and security policies.[8]

Sherratt filed an Amended Complaint on March 23, 2020.[9] Sherratt simultaneously filed a 96-page document titled "Amended – New Facts & Old, Affidavit, and Memorandum in Support of Civil Suit: Amended Mailed Herewith,"[10] along with an additional 143 pages of exhibits and addenda,[11] which the Amended Complaint references throughout.[12] The Amended Complaint appears to assert violations of the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and violations of Article I, Sections 1, 7, 9, and 24 of the Utah

---

[6] Dkt. 1-2, *Application for Issuance of a Preliminary Injunction Process, per U.R.C.P. 65A, and Issuing a Temporary Restraining Order, Without Notice. 65A-(b)(1); 42 U.S.C. §§ 1983, 1985, and 1986. 29 U.S.C. § 1132 (a)(2)(B) Complaint* (*PI Motion*).

[7] *Id*. at 1.

[8] *Id*.

[9] Dkt. 1-12, *Amended Civil Rights Complaint: 42 U.S.C. §§ 1983 and 1986; See also Utah Constitution Article I, Section 3 and 1, 7, 9; U.S. Constitution Article 6, Clause 1 (Supremacy Clause); For Denial of Civil Rights, Retaliation for Exercise of Rights, and Conspiracy to Deny Rights, Also Using a Discriminating Culture During Color of Law Actions and Schemes; Violating First, Fourth, Fifth, Eighth and Fourteenth Amendments, U.S. Constitution. Utah Code 78-3-4-1(1); (Art. I, Sec. II)* (*Amended Complaint*). The caption for the Amended Complaint appears on pages 39–40. *See id*.

[10] Dkt. 1-13, *Amended – New Facts & Old, Affidavit, and Memorandum in Support of Civil Suite: Amended Mailed Herewith*.

[11] *See* Dkt. 1-14, *Exhibits 1–6; id.,* Dkt. 1-15, *Exhibits 7–12*; Dkt. 1-16, *Addendum B*; Dkt. 1-17, *Addendum C*; *id*., Dkt. 1-18, *Addendum D*.

[12] *See generally*, *Amended Complaint*.

Constitution. Sherratt brings these claims against more than 34 defendants for the same misconduct alleged in the PI Motion.[13]

On May 11, 2020, Third District Court Judge Richard D. McKelvie issued an order stating:

> All of the papers filed by Petitioner are written in hand-writing that is almost completely illegible. The Court does not have the resources to attempt to decipher Petitioner's claims and arguments from what has been filed, especially in light of the volume of papers that have been filed.[14]

Judge McKelvie struck Sherratt's filings but granted him 45 days to file an amended complaint that comported with Utah Rule of Civil Procedure 8(a) by including "a short and plain: (1) statement of the claim showing that the party is entitled to relief; and (2) demand for judgment for specified relief."[15] Judge McKelvie instructed Sherratt that he could include any necessary documents to support his claims, but cautioned that the amended complaint and supporting documents "must be clear and legible."[16]

Sherratt attempted to file a Second Amended Complaint on June 20, 2020, and then again on July 3, 2020,[17] but it was not officially filed as of April 2021.[18] On April 12, 2021, Judge McKelvie issued an order acknowledging Sherratt's trouble mailing the amended complaint in June 2020 while admonishing Sherratt that it had "been 11 months since the Court granted

---

[13] *Id.*

[14] Dkt. 1-21, *Order* (*May 2020 Order*) at 1.

[15] *Id.*

[16] *Id.* at 2.

[17] *See* Dkt. 1-24, *Correspondence*, (explaining that Sherratt placed the "Second Amended Petition, Exhibits and Memorandum" in the prison mailbox to be mailed to the "Utah Contract Attorney"); Dkt. 1-33, *Second Amended Complaint and Memorandum with Exhibits was Filed* (notifying the court that Sherratt mailed the Second Amended Complaint "by contract attorneys" to the court on July 3, 2020).

[18] *See* Dkt. 1-36, *Order* (*April 2021 Order*).

Petitioner leave to file an amended complaint and the Court ha[d] still not received Petitioner's amended complaint."[19] Judge McKelvie granted Sherratt an additional 45 days to file an amended complaint containing "a short and plain statement of Petitioner's claims" in "clear and legible writing," and cautioned him that the court would dismiss the case without further notice if he failed to comply with the Order.[20]

Sherratt responded to the Order on April 20, 2021, stating the "contract attorney . . . verified he sent the Second Amended Complaint and exhibits on July 30, 2020."[21] After requesting an extension of time[22] and multiple communications with the court,[23] Sherratt filed the Second Amended Complaint and accompanying exhibits on January 31, 2022.[24]

Sherratt's Second Amended Complaint consists of 97 almost-illegible, handwritten pages asserting 93 claims against 33 defendants in their individual and official capacities.[25] The names of some defendants are incomplete or missing altogether.[26] The Second Amended Complaint

---

[19] *April 2021 Order* at 1.

[20] *Id*.

[21] Dkt. 1-38, *Letter from Inmate William Sherratt* at 1.

[22] Dkt. 1-40, *Motion for Extension of Time to File Second Amended Complaint with Memorandum and Exhibits, For Good Cause* (explaining Sherratt was moved from the Gunnison correctional facility to the Draper prison on May 17, 2021, Sherratt sent his Second Amended Complaint to the Draper attorney, and Sherratt was told by the Draper attorney the court received it on July 11, 2020).

[23] *See* Dkt. 1-41, *Inmate Letters* (requesting class action certification); Dkt 1-43, *Correspondence from William Sherratt* (notifying the clerk of court Sherratt received a copy of the docket and that the "October envelope did not contain a copy of the March 31, 2021 order . . . I have never been served with that order"); Dkt. 1-45, *Ex Parte Motion to Submit for Decision All Motions Previously Filed* (stating "no party in opposition has yet been appearing yet have been served various motions as rules require . . . and complaint has been on file since July 2020, and a new copy mailed to replace 'lost filing' in May 2021"); Dkt. 1-46, *Correspondence from Mr. Sherratt Requesting Copy of Docket*.

[24] Dkt. 1-55, *Second Amended Complaint (42 U.S.C. §§ 1983, 1985 & 1986)* (*Second Amended Complaint*); Dkt. 1-54, *Exhibits to Second Amended Complaint*.

[25] *See Second Amended Complaint*. The alleged misconduct and asserted claims are largely the same.

[26] *See, e.g., id.* at 4–6 (naming "first name unknown Redding," "Helen 'M'," and "K.C. (unknown)" as defendants); *id.* at 6 ("Defendant (unknown) is employed as Victim Services Coordinator by UDC.").

also references the 194 pages of exhibits as well as the addenda filed with the Amended Complaint.[27] Sherratt repeatedly refers the court to the exhibits and/or the addenda throughout.[28]

During the pendency of the action, Sherratt filed three ex parte requests to submit for decision "all previous motions."[29] In a Request to Submit for Decision, Sherratt also requested counsel, "as the court has not seen the Second Amended Complaint, even though mailed twice before, and a rewrite is not yet complete on the Complaint."[30]

On October 11, 2022, Judge McKelvie issued an order acknowledging Sherratt's requests to submit for decision and noted Sherratt had stated that "a rewrite is not yet complete on the Complaint."[31] The Order reiterated the court's instructions in the May 2020 Order and also referenced a Minute Entry from December 2021 noting Sherratt had not complied with the May 2020 Order that had granted him an additional 45 days to file an amended complaint.[32] Because

---

[27] The first page of the Second Amended Complaint states the "Petition" is 97 pages and the addendums and Exhibit 1 are 178 pages, comprising 275 pages in all. *Id*. However, the addenda include 143 pages of exhibits and Sherratt filed 194 pages of exhibits with the Second Amended Complaint. *See* Dkt. 1-13, 1-14, *Exhibits 1-12*; *Addendum B*; *Addendum C*; *Addendum D*; Dkt. 1-54; *Exhibits to Second Amended Complaint*. No Addendum A appears on the docket; accordingly, the court assumes Sherratt intended Exhibits 1–12 to be Addendum A. The Second Amended Complaint thus includes 434 pages of documents.

[28] *See, e.g.*, *Second Amended Complaint* at 36 ("Their own accounting system proves that life (see pg. 3 Add. B)."); *id*. at 45 ("Case 140600023 filed May 2014 – Retaliations began, with Addendum C actions, followed by Addendum B and then A. All exhibits Addendum C."); *id*. at 62 ("Exhibit, pages 43–47 Addendum B show a co-pay charge 'Debt' in the 'ending debt' column at the top-right, of $5.00."); *id*. at 65 ("All Exhibits Addendum B (opening #47).").

[29] *See* Dkt.1-45, *Ex Parte Motion to Submit for Decision All Motions Previously Filed*; Dkt. 1-47, *Ex Parte Request to Submit for Decision Motion to Appoint Counsel*; Dkt. 1-52, *Ex Parte Request to Submit for Decision All Motions; Request for Service on Defendants*.

[30] Dkt. 1-47, *Ex Parte Request to Submit for Decision Motion to Appoint Counsel* at 1.

[31] Dkt. 1-53, *Ruling and Order* at 1.

[32] *Id*. at 1–2.

5

Sherratt had not yet filed an amended petition and memorandum in compliance with the May 2020 Order, Judge McKelvie declined to address Sherratt's other motions.[33]

A year later, Judge McKelvie docketed a notice of intent to dismiss the case for lack of prosecution.[34] In response, Sherratt filed a "Good Cause to Not Dismiss," explaining the reasons for the delays in the case, including the COVID-19 pandemic, mail issues, and a change of address.[35] Sherratt stated that, as a result of the various difficulties, "the last generation was completely mishandled, and are unrecoverable, which I realize I must re-write the third amended complaint."[36] The court determined Sherratt had demonstrated excusable neglect and good cause for an extension and granted Sherratt 21 days "to submit an amended complaint that is clear and legible," as required by the May 2020 Order.[37]

Sherratt filed a Third Amended Complaint on November 13, 2023.[38] The Third Amended Complaint is 34 typed pages which also references 143 pages of prior exhibits and addendums.[39] It alleges the same misconduct and asserts the same claims against 34 defendants.[40] Defendants include 32 individuals related to the Utah Department or Corrections either through employment or administrative duties, as well as the "Utah Attorney General's

---

[33] *Id*. at 2.

[34] *Notice of Intent for Case 190909453*, State of Utah v. William Henry Sherratt, No. 991500552 (Fifth Judicial District Jun. 1, 1999), ECF No. 56.

[35] Dkt. 1-57, *Good Cause Not to Dismiss*.

[36] *Id*. at 2–3.

[37] Dkt. 1-59, *Order* at 1.

[38] Dkt. 1-63, *Third Amended Civil Rights Complaint* (*Third Amended Complaint*).

[39] *See generally*, *Third Amended Complaint*.

[40] *Id*.

Office and Assistants assigned to CUCF," and the Utah State Legislature.[41]  As with the previous Complaints, some Defendants are identified with both first and last names, some with a first initial and last name, and some by title.[42]

After receiving the Third Amended Complaint and Summons,[43] Defendants removed the case to federal court and filed the instant Motion.[44]

## ANALYSIS

Defendants argue the Third Amended Complaint should be dismissed under Federal Rules of Civil Procedure 8 and 12(b)(6), and under 42 U.S.C. § 1997e(c).[45]  Alternatively, Defendants request that the Third Amended Complaint be screened under the Prison Litigation Reform Act (PLRA).[46]  Sherratt "joins in the request" to screen the Third Amended Complaint under the PLRA.[47]  While the court acknowledges Judge McKelvie previously ordered Sherratt

---

[41] *Id*. at 2–4.

[42] *See e.g.*, *id.* (naming Lt. Gee, "K.C. (name unknown)," "Helen M (last name unknown)," and "Victim Services Coordinator (name unknown)" as defendants).

[43] *Notice of, and Proof of Service on Defendants*, State of Utah v. William Henry Sherratt, No. 991500552 (Fifth Judicial District Jun. 1, 1999), ECF No. 68.

[44] *Notice of Removal from State Court to Federal Court*, State of Utah v. William Henry Sherratt, No. 991500552 (Fifth Judicial District Jun. 1, 1999), ECF No. 71.

[45] *Motion* at 2.

[46] Sherratt filed the PI Motion, Amended Complaint, and Second Amended Complaint while he was in custody.  *See Good Cause Not to Dismiss*.  As Defendants correctly point out, the PLRA governs claims filed by incarcerated individuals concerning "prison conditions." 42 U.S.C.A. § 1997e(a), (h); *see also Norton v. The City of Marietta, OK*, 432 F.3d 1145, 1149 (10th Cir. 2005) ("The Prison Litigation Reform Act (PLRA) imposes specific filing requirements on prisoners seeking to file civil actions regarding prison conditions, which include 'all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" (citing *Porter v. Nussle*, 534 U.S. 516, 532 (2002))).  Further, it is the incarceration status at the time of filing that determines whether the PLRA applies.  *See May v. Segovia*, 929 F.3d 1223, 1233 (10th Cir. 2019) (holding the PLRA exhaustion requirement applied because the plaintiff "was a prisoner within the meaning of the PLRA when he brought his due-process claim"); *Norton*, 432 F.3d at 1151 ("[I]t is the plaintiff's status at the time he files suit that determines whether [the PLRA] provision[s] appl[y].").

[47] Dkt. 16, *Reply to Defendants' Motion to Screen, Dismiss or for More Definite Statement* at 12.

to file a complaint that contains a short and plain statement showing he is entitled to relief, the court elects to screen the Third Amended Complaint under the PLRA in lieu of dismissal.

Under the PLRA, the court reviews "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" to identify cognizable claims.[48] The PLRA also provides that the court shall dismiss the complaint if it "is frivolous," "malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such a relief."[49]

**A. The Third Amended Complaint's Deficiencies**

Having screened the Third Amended Complaint, the court concludes it:

1. Improperly alleges civil-rights violations on a *respondeat superior* theory.

2. Does not affirmatively link each individually named defendant to a specific civil-rights violation.

3. Possibly inappropriately alleges civil-rights violations on the basis of denied grievances.

4. Alleges "random and unauthorized deprivation of property under color of state law," without acknowledging that such a claim does not give rise to a claim for violation of constitutional rights if there is grievance process.[50]

5. Does not adequately link each element of a legal-access claim to specific named defendants.

6. Does not adequately link each element of a retaliation claim to specific named defendants.

7. Does not adequately link each element of a failure-to-protect claim to specific named defendants.

---

[48] 28 U.S.C. § 1915A(a)–(b).

[49] *Id.* § 1915A(b).

[50] *Frazier v Flores*, 571 F. App'x 673, 675–677 (10th Cir. 2014) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

8

      8. Alleges conspiracy claims that are too vague.

**B. Guidance for Sherratt**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[51] These requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[52]

Pro se litigants are not excused from meeting these minimal pleading demands.[53] "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[54] Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant."[55] Thus, the court cannot "supply additional facts, . . . [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded."[56]

Sherratt should consider these points before filing an amended complaint:

---

[51] Fed. R. Civ. P. 8.

[52] *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

[53] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[54] *Id*.

[55] *Id*.

[56] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

- The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the prior complaints or addenda.[57] Additionally, an amended complaint may not be modified after filing without filing a motion for an amendment.[58]

- Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth the names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

- The complaint must clearly state what each individual defendant—typically, a named government employee—did to violate Sherratt's civil rights.[59] "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[60] Sherratt should also include, as much as possible, specific dates or at least estimates of when each alleged constitutional violation occurred.

- Each cause of action, together with the facts and citations that directly support it, should be stated separately. Sherratt should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.[61] Without this information, "a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin."[62]

---

[57] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating an amended complaint supersedes the original complaint).

[58] Fed. R. Civ. P. 15.

[59] *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (stating personal participation of each named defendant is an essential allegation in a civil-rights action).

[60] *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[61] *See Robbins*, 519 F.3d at 1248 (stating the Supreme Court was particularly critical of complaints that mentioned no specific, time, place, or person involved in the alleged claim) (cleaned up)).

[62] *Id.* (citation omitted).

- Sherratt may not name an individual as a § 1983 defendant based solely on his or her supervisory position.[63]

- Grievance denial alone, unconnected to "violation of constitutional rights alleged by [a] plaintiff, does not establish personal participation under § 1983."[64]

- "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[65] However, Sherratt need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants.[66]

- ***Respondeat superior***. The Supreme Court holds that, in asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[67] Consequently, there is no *respondeat superior* liability under § 1983.[68] Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed

---

[63] *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability.").

[64] *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

[65] 42 U.S.C. § 1997e(a) (2025).

[66] *Jones v. Bock*, 549 U.S. 199, 216 (2007).

[67] *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

[68] *See id.* ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

11

tortfeasor.[69] Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts.[70]

- **Affirmative link.** This tenet requires the following:

    > A plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant personally participated in the alleged constitutional violation at issue. Indeed, because § 1983 is a vehicle for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants.[71]

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal."[72] Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous."[73]

- **Legal-access claim.** It is true that prison inmates "have a constitutional right to adequate, effective, and meaningful access to the courts and that the states have affirmative obligations to assure all inmates such access."[74] In *Bounds v. Smith*, the Supreme Court

---

[69] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 689 (1978).

[70] *See Barney v. Pulsipher*, 143 F.3d 1299, 1307–08 (10th Cir. 1998).

[71] *Est. of Roemer v. Johnson*, 764 F. App'x 784, 790 (10th Cir. 2019) (cleaned up). *See also Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *Robbins*, 519 F.3d at 1250 (explaining that when a plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532–33 (10th Cir. 1998) (holding the district court's analysis of the plaintiff's § 1983 claims was infirm where the district court lumped together the plaintiff's claims against multiple defendants despite the fact that each of the defendants had different powers and duties and took different actions with respect to the plaintiff and wholly failed to identify specific actions taken by particular defendants that could form the basis of constitutional claims) (cleaned up)).

[72] *Est. of Roemer*, 764 F. App'x at 790 n.5.

[73] *Id.*

[74] *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980) (internal quotation marks omitted).

expounded on the obligation to provide legal access stating, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."[75] However, to successfully assert a constitutional claim for denial of access to courts, a plaintiff must allege not only inadequacy of the library or legal assistance provided but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim."[76] In other words, Sherratt must show that "denial or delay of access to the court prejudiced him in pursuing litigation."[77] Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement."[78]

- **Retaliation Claim**. To properly assert a retaliation claim, Sherratt must allege facts supporting three elements: (1) Sherratt "was involved in a constitutionally protected activity"; (2) Defendants' behavior injured Sherratt in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Defendants' injurious behavior was "substantially motivated" as a reaction to Sherratt's constitutionally protected conduct.[79]

- **Failure to protect.** The Tenth Circuit has explained that:

> The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including reasonable measures to guarantee the safety of the inmates. This obligation includes a duty to protect prisoners from violence at the hands of

---

[75] *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (citation omitted).

[76] *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996); *see also Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).

[77] *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

[78] *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

[79] *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007).

other prisoners. To prevail on a failure to protect claim, an inmate must show (1) that the conditions of his incarceration presented an objective substantial risk of serious harm and (2) prison officials had subjective knowledge of the risk of harm. To satisfy the second prong, the inmate must show that the prison official was deliberately indifferent to the inmate's health or safety. A prison official will not be liable unless he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[80]

- **Conspiracy**. As to Sherratt's possible conspiracy claim, Sherratt "must specifically plead 'facts tending to show agreement and concerted action.'"[81] Sherratt has not met this requirement in the current complaint. Vague assertions that a conspiracy must exist because multiple people were involved in violations of civil rights are not enough. Sherratt must allege more facts to pursue this claim further.

## C. ORDER

**IT IS HEREBY ORDERED**[82] as follows:

**1.** Sherratt must cure the Third Amended Complaint's deficiencies noted above within 60 days by filing a document entitled Fourth Amended Complaint that does not refer to or include any other document, including previous complaints, exhibits, or addenda.

**2.** The Clerk's Office shall mail Sherratt the Pro Se Litigant Guide with a blank-form civil-rights complaint. Sherratt must use this Guide to draft the amended complaint.

---

[80] *Pittman v. Kahn*, No. 23-1153, 2024 WL 507476, at *2 (10th Cir. Feb. 9, 2024) (unpublished) (cleaned up).

[81] *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)).

[82] Dkt. 13.

**3.** If Sherratt fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**4.** The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in Third Amended Complaint. Any new claims or outside allegations will be dismissed. If an amended complaint is filed, the court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

**5.** Sherratt must inform the court of any address change and timely comply with court orders.[83] Failure to do so may result in this action's dismissal for failure to prosecute.[84]

**6.** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **14 days** before the deadline to be extended.

**7.** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

8. This court's local rules provide: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action."[85]

---

[83] *See* DUCivR 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes.").

[84] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

[85] DUCivR 83-1.6(a).

DATED this 24th day of June 2025.

BY THE COURT:

_____
CHIEF JUDGE ROBERT J. SHELBY
United States District Court